NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 29, 2014[*]
Decided September 29, 2014

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 13-2986

| | |
|---|---|
| BLANCA E. PEREZ,<br>    *Plaintiff-Appellant,*<br><br>    *v.*<br><br>THE BOARD OF EDUCATION OF<br>THE CITY OF CHICAGO,<br>    *Defendant-Appellee.* | Appeal from the United States District<br>Court for the Northern District of Illinois,<br>Eastern Division.<br><br>No. 10 C 7594<br><br>Charles R. Norgle,<br>*Judge.* |

## O R D E R

Blanca Perez, a tenured teacher at Avondale Elementary School, sued the city of Chicago's Board of Education for employment discrimination. She alleges national origin, age, and disability discrimination under Title VII of the Civil Rights Act of 1964, *see* 42 U.S.C. § 2000e-2, the Age Discrimination in Employment Act, *see* 29 U.S.C. § 623,

---

[*]After examining the parties' briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

and the Americans with Disability Act, *see* 42 U.S.C. § 12112. After the Board moved for summary judgment, Perez filed a response to the Board's statement of material facts and her own statement, but the district court struck both submissions for failure to comply with Local Rule 56.1. The district court then deemed the Board's facts admitted and granted it summary judgment, concluding that no genuine issue of material fact existed. We affirm because the district court did not abuse its discretion when it struck Perez's submissions and no reasonable jury could have returned a verdict for Perez.

We recite the facts from the Board's statement, construed in Perez's favor. *See Andrews v. CBOCS West, Inc.*, 743 F.3d 230, 232 (7th Cir. 2014). Perez worked as a bilingual teacher in the second grade, and as part of Perez's job, the principal occasionally observed and evaluated her teaching performance. In the fall of 2006 the principal visited Perez's classroom and noticed significant deficiencies in her teaching and classroom management skills. Hoping to improve Perez's performance, in April 2007 the principal placed her in a remediation program designed to help struggling teachers. As part of the program, the principal appointed a consulting teacher to observe Perez and offer suggestions. The principal observed Perez again later in 2007. She saw continuing deficiencies in Perez's performance, so she issued Perez an "unsatisfactory" rating in November. The next month, the principal observed Perez again, and though she noted some improvement, she still found significant deficiencies in Perez's teaching and classroom management skills.

After meeting with Perez and her consulting teacher, the principal decided to recommend firing Perez. A hearing officer conducted an evidentiary hearing and concluded that Perez had failed to improve her performance sufficiently. The Board concurred and discharged Perez for failure to complete the remediation process satisfactorily. After pursuing her administrative remedies, Perez filed this lawsuit.

During discovery Perez testified why she believes that the Board discriminated against her in firing her. Her national origin was a factor, she stated, because on one occasion (Perez did not say when) the principal had noted that she spoke with a Spanish accent. Perez speculated that her age was also a reason for her discharge because she was 55 when she was fired and other teachers had been "pressured" into early retirement. As for her disability claim, Perez did not identify her claimed disability, but stated that she was a breast cancer survivor and had suffered abnormal bleeding for three days during the remediation process at the school.

The Board moved for summary judgment. It argued that Perez could not show discrimination and filed a 25-paragraph statement of material facts under Local Rule 56.1(a)(3). After prompting from the court, the Board provided Perez with a Rule 56.2 notice advising her of the requirements for responding to the motion and statement. *See* L.R. 56.2. Perez's response to the Board's 25 paragraphs did not admit or deny them. Instead she raised new factual assertions—many unsupported with record citations—and legal arguments. Perez also submitted a 41-paragraph statement of additional facts, which largely consisted of unsupported assertions and arguments. The Board moved to strike both submissions for failure to comply with Rule 56.1. The district court agreed with the Board that Perez's submissions violated Rule 56.1, finding that Perez presented unsupported assertions, conclusory arguments, and irrelevant declarations. It therefore deemed the Board's facts admitted.

The district court then granted summary judgment for the Board. First, it ruled under the direct method that the principal's isolated remark about Perez's accent was insufficient proof of national-origin discrimination and that Perez had no evidence of age or disability discrimination. Summary judgment was proper under the indirect method of proof as well, the court explained, because Perez had not demonstrated that she met the Board's legitimate employment expectations and had not identified a similarly situated employee who was treated more favorably.

On appeal Perez first challenges the court's decision to strike her submissions. We begin with her response to the Board's statement of facts. The local rule requires that a litigant respond, by agreeing or disagreeing with each fact proposed in the moving party's statement and, in the case of disagreement, by citing evidence in support of the denial. *See* L.R. 56.1(b)(3)(B). Also, although a non-movant may submit a separate statement of additional facts, responses to the movant's proposed facts may not include assertions of unrelated facts or legal arguments. *See Ciomber v. Cooperative Plus, Inc.*, 527 F.3d 635, 643 (7th Cir. 2008); *Ammons v. Aramark Uniform Servs., Inc.*, 368 F.3d 809, 817–18 (7th Cir. 2004). District courts may enforce strict compliance with Rule 56.1. *See Ciomber*, 527 F.3d at 643; *Cichon v. Exelon Generation Co., L.L.C.*, 401 F.3d 803, 809 (7th Cir. 2005). Here, Perez's response did not strictly comply: First, she did not state whether she admits or denies the Board's 25 proposed facts. Second, even if we construed her responses as denials, many of them do not cite anything in support. Third, she interweaves into her response numerous new assertions of fact and adds inappropriate legal arguments. The court therefore did not abuse its discretion when it struck Perez's response.

The district court also did not abuse its discretion when it struck Perez's additional statement of material facts. Without prior leave of court, Rule 56.1(b)(3)(C) limits the additional statement to 40 paragraphs, and it requires that the litigant support each proposed statement with record citations. When her 41 paragraphs are combined with the additional facts that she (improperly) asserted in her responses to the Board's 25 statements, Perez significantly exceeded the 40-paragraph limit. Perez did not seek leave to exceed this limit, and in any case her additional assertions are unsupported by record citations and make conclusory arguments. The district court thus acted within its discretion in ruling that Perez's submissions violated Rule 56.1, striking them, and deeming the Board's statements admitted. *See Ciomber*, 527 F.3d at 644.

Moving on to the merits of Perez's appeal, we conclude that the district court properly determined that no reasonable jury could find that the Board discriminated against Perez. We consider the direct method of proof first. Perez does not contest the district court's conclusion that she presented no direct or circumstantial evidence of age or disability discrimination. *See Bass v. Joliet Pub. Sch. Dist. No. 86*, 746 F.3d 835, 841 (7th Cir. 2014). The only evidence supporting her national-origin claim is the principal's remark that Perez spoke with an accent, but this evidence is insufficient. Perez has not stated when the comment was made or suggested that it was related to her discharge. Without any context that would allow a rational jury to infer that the comment figured into her firing, she has not presented a trial issue of discriminatory discharge under the direct method of proof. *See Egonmwan v. Cook Cnty. Sheriff's Dept.*, 602 F.3d 845, 850 (7th Cir. 2010) (stating that employee must show that decisionmaker made remark around time of decision and in reference to adverse employment action); *Nichols v. S. Ill. Univ.-Edwardsville*, 510 F.3d 772, 781–82 (7th Cir. 2007) ("[S]tray remarks that are neither proximate nor related to the employment decision are insufficient to defeat summary judgment.") (quotation omitted).

Perez fares no better under the indirect method. This method requires evidence that Perez met the Board's legitimate job expectations and that the Board treated similarly situated employees more favorably, but the record contains no such evidence. *See Bass*, 746 F.3d at 841. To the contrary, evaluations completed by Perez's principal and the consulting teacher both show that she was not performing at a satisfactory level at the end of the remediation process. *See Dickerson v. Bd. of Trs. of Cmty. Coll. Dist. No. 522*, 657 F.3d 595, 602–03 (7th Cir. 2011) (concluding that employee who received "unsatisfactory" evaluations failed to meet employer's legitimate job expectations). Without evidence of satisfactory performance, and lacking evidence that the Board treated other under-performing tenured teachers more favorably, Perez cannot survive

summary judgment. *See Little v. Ill. Dept. Of Revenue*, 369 F.3d 1007, 1012 (7th Cir. 2004) (affirming summary judgment where employee failed to show different treatment than similarly situated employee).

AFFIRMED.